FILED

APR - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM MUHOOD ADEM, Detainee,<br>Guantánamo Bay Naval Base<br>Guantánamo Bay, Cuba,<br><br>      Petitioner,<br><br> - vs –<br><br>GEORGE W. BUSH, President of the<br>United States of America,<br><br>DONALD RUMSFELD, Secretary of<br>Defense,<br><br>ARMY BRIG. GEN. JAY HOOD,<br>Commander, Joint Task Force –<br>GTMO, Guantánamo Bay Naval<br>Station, Guantánamo Bay, Cuba<br><br>      Respondents.<br><br>All sued in their official capacities. | CASE NUMBER 1:05CV00723<br><br>JUDGE: Henry H. Kennedy<br><br>DECK TYPE: Habeas Corpus/2255<br><br>DATE STAMP: 04/08/2005<br><br>**PETITION FOR WRIT<br>OF HABEAS CORPUS** |

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Salim Muhood Adem, a civilian designated an "enemy combatant" by the President of the United States, is being held *incommunicado* in military custody at Guantánamo Bay Naval Base without basis, without charge, without access to counsel and without being afforded any fair process by which he might challenge his designation and detention, by color and authority of the Executive, and in violation of the Constitution, laws and treaties of the United States, as well as customary international

law. Accordingly, this Court should issue a Writ of Habeas Corpus, and order injunctive, declaratory, and damages relief.

## PARTIES

1. Petitioner Salim Muhood Adem ("Petitioner Salim" or "Salim"), is presently being detained *incommunicado* in military custody at the Guantánamo Bay Naval Base, without basis, without charge, without access to counsel, and without being afforded any fair process by which he might challenge his detention.

2. Respondent George W. Bush is the President of the United States. Petitioner Salim is being detained under Respondent Bush's authority as Commander-in-Chief of the United States Armed Forces and under the laws and usages of war. Accordingly, Respondent Bush is ultimately responsible for Petitioner Salim's unlawful detention.

3. Respondent Donald Rumsfeld is the Secretary of the United Sates Department of Defense. Respondent Rumsfeld has been charged by the Respondent Bush with maintaining the custody and control of Petitioner Salim.

4. Respondent Jay Hood is the Commander of Joint Task Force-GTMO, the task force running the detention operation at the Guantánamo Bay Naval Base, where Salim is presently held. He has supervisory responsibility for Petitioner Salim.

## JURISDICTION

5. Petitioner brings this action under 28 U.S.C. §§ 2241(c) (1) and (3), 2242 and 1331, and invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1651, 2201 and 2202; 5 U.S.C. § 702; and Articles I, II, and III of, and the Fifth, Sixth, and Eighth

47587

2

Amendments to the United States Constitution. Petitioner also relies on Federal Rule of Civil Procedure 57 because he seeks declaratory relief.

6. This Court is empowered under 28 U.S.C. § 2241 to grant the Writ of Habeas Corpus. This Court is further empowered to declare the rights and other legal relations of the parties herein under 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction.

## STATEMENT OF FACTS

7. On information and belief, Salim was seized in his homeland in the aftermath of September 11, 2001, held captive and transported against his will to the Guantánamo Bay Naval Base by American authorities. On information and belief, he has been in United States military custody ever since.

8. On information and belief, Salim is, and at all times has been, an innocent civilian.

9. On information and belief, Salim is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind.

10. On information and belief, Salim is not, nor has he ever been, a member of Al Qaeda or any other terrorist group.

11. On information and belief, Salim has never committed any violent act against any American person or property.

47587

3

12. On information and belief, Salim had no involvement, direct or indirect, in the terrorist attacks against the United States on September 11, 2001, or in any act of terrorism attributed by the United States to Al Qaeda or any other terrorist group.

13. On information and belief, Salim has had no military or terrorist training, nor has he at any time voluntarily joined any terrorist force.

14. On information and belief, Salim is not, nor has he ever been, an "enemy combatant" who was "part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who [was] engaged in an armed conflict against the United States there." *See Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. __, 124 S. Ct. 2633, 2639 (June 28, 2004).

15. On information and belief, Salim is being held *incommunicado* at the Guantánamo Bay Naval Base, and has been so held there since on or around the time he was seized in December 2001.

16. On information and belief, Salim has not been charged with any offense, nor has he been notified of any pending or contemplated charges.

17. On information and belief, Salim has not been provided with access to counsel or the means to contact counsel.

18. On information and belief, Salim is being subjected to interrogation directly and/or indirectly.

19. On information and belief, Salim has not been afforded the protections accorded to civilians, and/or prisoners of war under the Geneva Conventions and customary international law.

47587

4

20. On information and belief, Salim is being held under physically and emotionally abusive and harmful conditions.

21. On information and belief, Salim presently is completely unable to protect or vindicate his rights under domestic and international law.

## CAUSES OF ACTION

### FIRST CLAIM
(Unlawful Detention – U.S. Const, Art. II)

22. Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

23. Petitioner Salim is a civilian, and is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind, and has never engaged in hostilities against the United States.

24. Salim's seizure and continued detention at the Guantánamo Bay Naval Base exceeds the Executive's authority under, and is in violation of, Article II of the U.S. Constitution.

25. Accordingly, Salim is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

### SECOND CLAIM
(Due Process – U.S. Const., Amend. V)

26. Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

27. Respondents, acting under color of law, have violated and continue to violate Salim's right to due process under the Fifth Amendment to the U.S. Constitution.

28. Respondent Bush has violated Salim's rights under the Fifth Amendment to the U.S. Constitution because he unlawfully has ordered military officials to hold Salim – who "engaged neither in combat not in acts of terrorism against the United States" – in "Executive detention for more than two years in territory subject to the long-term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing." *Rasul v. Bush*, Nos. 03-334 & 03-343, 542 U.S. __, 124 S. Ct. 2686, 2698 n.15 (June 28, 2004).

29. Respondents Rumsfeld and Hood have violated Salim's rights under the Fifth Amendment to the U.S. Constitution because they act at the President's direction and are personally involved in unlawfully denying Salim the process accorded to individuals seized and detained by the U.S. military in times of armed conflict as established by, *inter alia*, the Uniform Code of Military Justice, Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, and customary international law, as reflected, expressed, and defined in multi-lateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

30. Accordingly, Salim is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

### THIRD CLAIM
### (Administrative Procedure Act)

31. Petitioner incorporates by references all preceding paragraphs as if set forth fully herein.

47587

32. Respondents, acting under color of law, have arbitrarily and capriciously denied and continue to deny Petitioner Salim the process accorded to individuals detained by the U.S. military in times of armed conflict, as established by Army Regulation 190-8, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

33. Accordingly, Salim is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

## FOURTH CLAIM
### (International Humanitarian and Human Rights Law)

34. Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

35. Respondents have acted and continue to act *ultra vires* in violation of the Third and Fourth Geneva Conventions, the International Covenant on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, and customary international law as reflected, expressed and defined in the aforementioned international instruments, international and domestic judicial decisions, and other authorities, by directing, ordering, and/or supervising the seizure and military detention of Petitioner Salim, who is a civilian arrested away from the battlefield, and who was not engaged in hostilities against the Unites States and/or coalition forces.

36. Because Respondents are detaining Salim "under or by color of the authority of the United States" and "in violation of the Constitution or laws or treaties of the United States," Salim's claim arises under 28 U.S.C. § 2241, and he is entitled to habeas relief as well as any other relief the Court may deem appropriate.

## FIFTH CLAIM
### (Geneva Conventions)

37. Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

38. Respondents, acting under color of law, have denied and continue to deny Petitioner Salim the process and protections accorded to civilians and/or combatants seized and detained by the military in times of armed conflict as required by specific provisions of the Third and Fourth Geneva conventions.

39. Violations of the Geneva Convention are direct treaty violations, and violations of customary international law.

40. Accordingly, Salim is entitled to declaratory and injunctive relief, as well as any other relief the Court may deem appropriate.

## SIXTH CLAIM
### (Right To Counsel)

41. Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

42. Respondents have unlawfully denied Petitioner Salim his constitutional and statutory right to counsel by confining him in "Executive detention for more than two years in territory subject to the long-term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing." *Rasul v. Bush*, Nos. 03-334 & 03-343, 542 U.S. __, 124 S. Ct. 2686, 2698 n.15 (June 28, 2004).

43. In this habeas proceeding, Petitioner Salim has a right to counsel under the U.S. Constitution, the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651. *See Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. __, 124 S. Ct. 2633, 2639 (June 28, 2004); *Al Odah v. United States*, 346 F. Supp. 2d 1, 5 (D.D.C. 2004).

44. Accordingly, Salim is entitled to habeas, declaratory and injunctive relief as well as any other relief the Court may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that the Court order Respondents to:

1) Release Petitioner Salim Muhood Adem;

2) Allow Salim to meet, confer, and correspond with counsel in private and unmonitored attorney-client communications;

3) Cease all interrogations of Salim, direct and/or indirect, while this litigation is pending;

4) Disclose the facts and evidence upon which Salim's current detention is based, and provide a process by which his continued detention can be challenged; and

5) Afford Salim those protections accorded by the Geneva Conventions and customary international law.

**FUTHERMORE**, Petitioner prays that the Court order and declare that:

6) Petitioner Salim is being held in violation of the Fifth Amendment to the United States Constitution;

7) Petitioner Salim is being held in violation of Article II of the Constitution of the United States;

8) Petitioner Salim is being held in violation of the treaties of the United States;

9) Petitioner Salim is being held in violation of the regulations of the United States Military, the Geneva Conventions, and binding customary international law;

**FUTHERMORE**, Petitioner prays that the Court award any such other legal or equitable relief as the Court may deem just.

Respectfully submitted,

*[signature]*

Murray Fogler
Texas State Bar No. 07207300
Texas S.D.ND No. 2003
Two Houston Center
909 Fannin, Suite 1200
Houston, Texas 77010-1006
713.654.4300
713.654.4343 (Fax)

**ATTORNEY-IN-CHARGE FOR PETITIONER SALIM MUHOOD ADEM**

**OF COUNSEL:**

**McDADE FOGLER LLP**
Two Houston Center
909 Fannin, Suite 1200
Houston, Texas 77010-1006
713.654.4300
713.654.4343 (Fax)

47587

10

## **CERTIFICATE OF SERVICE**

I, MURRAY FOGLER, hereby certify that, on April 4, 2005, I caused two (2) copies of Petitioner Salim Muhood Adem's Petition for Writ of Habeas Corpus to be served by certified mail, return receipt requested, upon the following:

> Alberto Gonzalez, Esq.
> Attorney General of the United States
> 5111 Main Justice Building
> 10th Street & Constitution Ave., NW
> Washington, DC  20530
>
> Kenneth L. Wainstein, Esq.
> United States Attorney
>  for the District of Columbia
> 555 4th Street, NW
> Washington, DC  20530

_____
MURRAY FOGLER

## **VERIFICATION**

COUNTY OF HARRIS §
§
STATE OF TEXAS §

I, MURRAY FOGLER, counsel to Petitioner Salim Muhood Adem, and an attorney in good standing of the State of Texas, hereby affirm under penalty of perjury that, to the best of counsel's knowledge, the facts set forth in this Petition are true and correct.

_____
**MURRAY FOGLER**

SUBSCRIBED AND SWORN TO before me on this ____4th____ of April, 2005.

_____
**NOTARY PUBLIC**

47587                               12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALIM MUHOOD ADEM, Detainee, <br> Guantánamo Bay Naval Base <br> Guantánamo Bay, Cuba, <br><br> Petitioner, <br><br> - vs — <br><br> GEORGE W. BUSH, President of the <br> United States of America, <br><br> DONALD RUMSFELD, Secretary of <br> Defense, <br><br> ARMY BRIG. GEN. JAY HOOD, <br> Commander, Joint Task Force – <br> GTMO, Guantánamo Bay Naval <br> Station, Guantánamo Bay, Cuba <br><br> Respondents. <br><br> All sued in their official capacities. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____ <br><br><br> **DECLARATION OF** <br> **MURRAY FOGLER** |

## DECLARATION OF MURRAY FOGLER
## PURSUANT TO 28 U.S.C. §1746

Murray Fogler declares, under penalty of perjury:

1.    I am a partner in the law firm of McDade Fogler LLP, Two Houston Center, 909 Fannin, Suite 1200, Houston, Texas 77010-1006.

2.    I represent Salim Muhood Adem who is currently imprisoned at the Guantánamo Bay Naval Station.

3.    As part of the continuing efforts by the Center for Constitutional Rights (CCR) to secure representation for prisoners at Guantánamo, all members of the

American College of Trial Lawyers received an email asking for volunteers to handle cases for these prisoners. As a member of the College, I received the email and responded that I would agree to represent a prisoner held at Guantánamo.

4. Through communication with the CCR, I received the name of the petitioner in the above captioned matter, Salim Muhood Adem, as one who has requested legal representation to pursue legal remedies against the respondents/defendants named in this action.

5. With my approval, the Center for Constitutional Rights assigned this case to counsel whose name and signature appear on the petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4th, 2005 in Houston, Texas.

_____
MURRAY FOGLER

47595                                    2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM MUHOOD ADEM, Detainee, Guantánamo Bay Naval Base Guantánamo Bay, Cuba, <br><br> Petitioner, <br><br> - vs – <br><br> GEORGE W. BUSH, President of the United States of America, <br><br> DONALD RUMSFELD, Secretary of Defense, <br><br> ARMY BRIG. GEN. JAY HOOD, Commander, Joint Task Force – GTMO, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba <br><br> Respondents. <br><br> All sued in their official capacities. | Civil Action No. _____ |

## CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION

Counsel for Petitioner Salim Muhood Adem, Detainee, Guantánamo Bay Naval Base, Guantánamo Bay, Cuba, certifies, pursuant to L.Cv.R. 83.2(g), that he is representing Petitioner without compensation.

1

47694

Dated: April 7, 2005.

Respectfully submitted,

_____
Murray Fogler
Texas State Bar No. 07207300
Texas S.D. ID No. 2003
Two Houston Center
909 Fannin, Suite 1200
Houston, Texas 77010-1006
713.654.4300
713.654.4343 (Fax)

**OF COUNSEL:**

**McDADE FOGLER LLP**
Two Houston Center
909 Fannin, Suite 1200
Houston, Texas 77010-1006
713.654.4300
713.654.4343 (Fax)

**ATTORNEY-IN-CHARGE FOR PETITIONER SALIM MUHOOD ADEM**

47694

2