## SECOND DECLARATION OF FRANK SWEIGART

I, Frank Sweigart, pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I am the Deputy Director of the Office for the Administrative Review of the Detention of Enemy Combatants (OARDEC) at U.S. Naval Base Guantanamo Bay, Cuba. I have been in this position since June 2004. In this role I assist OARDEC's Director with all aspects of the mission of OARDEC, which is to conduct Combatant Status Review Tribunals (CSRTs) and Administrative Review Boards (ARBs). The purpose of the CSRTs is to review relevant and reasonably available information in the government's possession and conduct hearings on detainees under the control of the Department of Defense (DoD) at U.S. Naval Base Guantanamo Bay, Cuba, and to determine whether a detainee continues to meet the criteria for designation as an enemy combatant. The purpose of the ARBs is to review all relevant and reasonably available information on enemy combatants, conduct hearings, and make a recommendation to the Designated Civilian Official, currently the Secretary of the Navy, on whether an enemy combatant should continue to be detained because he is a threat to the United States or its allies or there are other factors bearing upon the need for continued detention such as law enforcement interest or intelligence value.

2. This declaration is provided to update the status of the steps taken by the Department of Defense (DoD) to notify the detainees at U.S. Naval Base Guantanamo Bay, Cuba, of their right to challenge the legality of their detention by filing *habeas corpus* petitions in federal court, as described in the First Declaration of Frank Sweigart, executed on August 31, 2005. I make these statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

3.  In December 2004, DoD began, on a rolling basis, to notify detainees who had been confirmed to be enemy combatants through the CSRT process that: the CSRT confirmed them to be enemy combatants; they were now eligible for consideration by an ARB to determine if they still pose a threat to the United States or its allies; and they could file a petition for writ of *habeas corpus* in federal court if they wanted to challenge the lawfulness of their detention.  The notification tells the detainees that they have the option of asking a friend, family member, or lawyer to file a petition on their behalf.  They are also provided with the address of the United States District Court for the District of Columbia in the event that they choose to submit a *pro se habeas* petition.  *See* Exhibit A.  CSRT proceedings concluded in March 2005.  Every detainee confirmed to be an enemy combatant through the CSRT process and who is eligible for consideration by an ARB has received the notice described above.

4.  There are presently 14 detainees not eligible for consideration by an ARB because the President of the United States ordered them triable by Military Commission under the Military Order of November 13, 2001.  Each of the 14 detainees has been informed that the CSRT determined him to be an enemy combatant and that he can challenge the lawfulness of his detention by filing a petition for a writ of *habeas corpus* in federal court if he wants to do so.  These detainees likewise have been provided with the address of the United States District Court for the District of Columbia.  *See* Exhibit B.

5.  DoD has also notified each detainee whom the CSRT has determined to no longer be an enemy combatant that he can file a petition for writ of *habeas corpus* in federal court if he wants to challenge the lawfulness of his detention.  These detainees likewise have been provided with the address of the United States District Court for the District of Columbia.  *See* Exhibit C.

2

6. DoD is aware of 55 *pro se* petitions written by detainees or, in the case of illiterate detainees, dictated by detainees to an Assisting Military Officer involved in the ARB process. All of these *pro se* petitions were processed pursuant to the military's standard review procedures for outgoing detainee mail, *see* Declaration of 1LT Wade M. Brown, executed March 17, 2005 (attached hereto as Exhibit D), and were mailed to the District Court.

7. As a result of discussions between DoD and the American Bar Association (ABA), the ABA has agreed to recruit volunteer counsel for *pro se* petitioners and other detainees who may desire representation. DoD has delivered to all *pro se* petitioners who are not already represented by counsel a notification which advises them that the ABA is willing to find them a lawyer to assist them with a petition for writ of *habeas corpus*. The notification provides the detainees with the address of the ABA and a form requesting representation that they may complete and mail directly to the ABA in the event that they choose to seek the assistance of counsel. *See* Exhibit E. Each notification was translated into a language that the detainee can understand and delivered to that detainee as mail through the mail delivery system at Guantanamo Bay. If a detainee indicates that he is unable to read the notification, a guard (if the notification is in English) or translator (if the notification is not in English) will read the notification to that detainee. DoD will continue to deliver this notification in this manner, on an ongoing basis, to all *pro se* petitioners who are not already represented by counsel, and to other detainees who request the assistance of counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _19 Sep 05_ .

FRANK SWEIGART
Deputy Director, OARDEC

# NOTIFICATIONS

1. A Combatant Status Review Tribunal (CSRT) has determined that you are an enemy combatant. Because you are an enemy combatant, the United States may continue to detain you.

2. An Administrative Review Board (ARB) will now be held to determine whether you still pose a threat to the United States or its allies. The ARB will consider all relevant and reasonably available information. If the ARB decides you no longer pose a threat, you may be released from detention.

3. You may attend the ARB proceeding and present information about yourself to ARB members. If you believe you do not pose a threat to the United States or its allies, we recommend you immediately gather any information that you believe will prove that you are no longer a threat and why you should be released from detention.

4. The ARB will consider written statements from family members or other persons who can explain why you are no longer a threat. You may also present a written or oral statement at the ARB. Unlike the CSRT, witnesses are not allowed to testify during the ARB. An American officer (called an Assisting Military Officer) will help you prepare your case if you want him to. You do not have to attend the ARB, and you do not have to say anything if you do attend. The ARB will be conducted whether or not you choose to attend.

5. In addition, you have been notified that you may challenge your detention in a United States court. The following procedures are available if you want to challenge your detention in a U.S. court.

6. You may ask a civilian judge to look at the lawfulness of your detention through a process called a *petition for a writ of habeas corpus*. You may ask a friend or family member or a lawyer to file such a petition with the court. If you do not have a lawyer or a family member or friend who could file this petition for you, you may file your own petition. According to prior court rulings, petitions may be sent to:

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

If you do not wish to file a petition, you do not have to do so. However, a court will only consider your case if you file a petition.

7. Please talk to your Assisting Military Officer if you have any questions about this notification. Your assigned Assisting Military Officer will meet with you later.

Detainee ISN: _____       Date: _____

Signature of Officer Serving Notice: _____

Printed Name of Officer Serving Notice: _____

# EXHIBIT A

# NOTIFICATIONS

1.  A Combatant Status Review Tribunal (CSRT) has determined that you are an enemy combatant.  Because you are an enemy combatant, the United States may continue to detain you.

2.  In addition, you have been notified that you may challenge the lawfulness of your detention in a United States court.  The following procedures are available if you want to challenge your detention in a U.S. court.

3.  You may ask a civilian judge to look at the lawfulness of your detention through a process called a *petition for a writ of habeas corpus*.  You may ask a friend or family member or a lawyer to file such a petition with the court.  If you do not have a lawyer or a family member or friend who could file this petition for you, you may file your own petition.  According to prior court rulings, petitions should be sent to:

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC  20001

If you do not wish to file a petition, you do not have to do so.  However, a court will only consider your case if you file a petition.


Detainee ISN: _____     Date: _____

Signature of Officer Serving Notice: _____

Printed Name of Officer Serving Notice: _____

# EXHIBIT B

NOTIFICATION

1.  You have been notified previously that you may challenge your detention in a United States court.  The following procedures are available if you want to challenge your detention in a U.S. court.

2.  You may ask a civilian judge to look at the lawfulness of your detention through a process called a *petition for a writ of habeas corpus*.  You may ask a friend or family member or a lawyer to file such a petition with the court.  If you do not have a lawyer or a family member or friend who could file this petition for you, you may file your own petition.  According to prior court rulings, petitions should be sent to:

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC  20001

If you do not wish to file a petition, you do not have to do so.  However, a court will only consider your case if you file a petition or if one is filed by a lawyer, friend or family member on your behalf.

Detainee ISN: _____    Date: _____

Signature of Officer Serving Notice: _____

Printed Name of Officer Serving Notice: _____

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOES 1-570,                              )
     Unidentified Detainees                  )
     Guantanamo Bay Naval Station            )
     Guantanamo Bay, Cuba,                   )
                              )
        Petitioners,                     )
                              )
     v.                                      )    Civil Action No. 05-CV-0313 (CKK)
                              )
GEORGE W. BUSH,                               )
     President of the United States, *et al.,* )
                              )
        Respondents.                     )
_____)

## DECLARATION OF 1LT WADE M. BROWN

I, Wade M. Brown, pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I am a First Lieutenant in the New Jersey Army National Guard and am currently

serving as the Officer in Charge (OIC) of the S-2 Section within the Joint Detention Operations

Group at Guantanamo Bay, Cuba. I have held this position since October 2004. Prior to

becoming OIC, I was the Assistant OIC from July 2004 through September 2004. In both of

these positions, part of my responsibilities are to report directly to the JTF and JDOG

Commanders on all issues related to Detainee Mail operations, to include the proper handling

and processing of mail sent to and from detainees, processing times, force protection screening

and redaction. I oversee the 15 individuals in the screening and processing units and work in the

same building as such. The following statements provide a general overview of the mail

privileges available to these detainees at Guantanamo Bay. I make these statements based upon

# EXHIBIT D

my personal knowledge and upon information made available to me in the performance of my official duties.

2. Each individual detained by the Department of Defense at Guantanamo Bay is given the opportunity to send and receive mail. Detainees cannot lose mail privileges for any reason, including as part of disciplinary action or interrogation. However, some detainees have affirmatively refused to send or receive any mail. Also, in rare cases, pens are temporarily removed from some detainees when appropriate members of the detainee medical care staff determine the detainee may use the pen to inflict self-harm.

3. In the six-month period from September 2004 through February 2005, the mail processing unit processed approximately 14,000 pieces of mail sent to or by detainees at Guantanamo Bay.

4. There are two methods for detainees to send and receive mail — through the mail delivery and collection system administered by the United States Military, or through the International Committee for the Red Cross ("ICRC"). Legal mail between habeas counsel and the detainees is not processed through either of these two methods, instead that mail is handled under the procedures set forth in the federal court order that covers the habeas cases.

5. The Military provides each detainee with two sheets of stationery, four postcards, and six envelopes per month. See Exhibit A. Each detainee is also provided with a soft pen, although certain detainees are not permitted to keep the pens in their cells for security reasons. These detainees are provided with pens only during the times when they are writing letters. Military officers collect and deliver mail from the detainees approximately six times per month. After mail is collected from the detainees, it is taken to a processing unit. At the processing unit,

2

# EXHIBIT D

each piece of mail is translated into English if necessary, screened for inappropriate materials and redacted accordingly, and placed in a U.S. Postal Service receptacle affixed with the required postage. This entire process takes approximately fourteen days on average. The processing unit clears approximately 75 pieces of mail each day. Mail that is sent to a detainee must also be cleared through the processing unit and stamped "Approved by U.S. Forces" before it can be delivered to the detainee to whom it is addressed. Incoming mail is also typically processed within fourteen days on average.

6. The ICRC also facilitates the delivery of detainee mail to and from Guantanamo Bay. The ICRC pays approximately four visits each year to the detainees for approximately 5-6 weeks per visit. The ICRC provides its own stationery and envelopes to the detainees (although detainees are still required to use Military-issued pens), collects the mail from the detainees, and delivers it to the processing unit. After the mail is cleared by the processing unit, it is returned to the ICRC, who delivers it to the intended recipients. The ICRC also collects mail from outside Guantanamo Bay and delivers the mail directly to the detainees after it is cleared through the processing unit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2005.

**WADE M. BROWN**
**First Lieutenant, NJARNG**

3

**EXHIBIT D**

# EXHIBIT A

EXHIBIT D

Country where posted _____

Name of Camp _____

Date and Place of Birth _____

Internment Serial Number _____

Name (Last, First MI) _____

SENDER:

- - - - - - - - - - - - - (Fold on this line) - - - - - - - - - - - - - -

MAIL          LETTER

Language _____

To _____

Street _____

City _____

Country _____

Province or Department _____

- - - - - - - - - - - (Fold on this line) - - - - - - - - - - - -

DO NOT WRITE HERE

- - - - - - - - - (Fold on this line) - - - - - - - - - -

**DA FORM 2667-R, May 82**          EDITION OF 1 JUL 63 IS OBSOLETE.          For use of this form, see
                                                                               the proponent agency is DCSPER.

# EXHIBIT D

DO NOT WRITE BEYOND HEAVY LINES

*Reverse of DA FORM 2667-R, May 82*

# EXHIBIT D

**DETAINEE** _____
**CAMP DELTA**
**Washington, DC 20353**
**USA**

| SENDER | TO: |
|---|---|
| NAME *(Last, first, MI)* | |
| INTERNMENT SERAL NUMBER | STREET |
| DATE AND PLACE OF BIRTH | CITY |
| NAME OF CAMP | COUNTRY |
| COUNTRY WHERE POSTED | PROVINCE OR DEPARTMENT |

DA FORM 2668, JAN 2004    Replaces DA Form 2668-R, May 1982, which is    APD V1.01

---

| POST CARD<br>For use of this form, see AR 190-8; the proponent agency is PMG. | DATE |
|---|---|
| LANGUAGE | POWER SERVED |

*WRITE BETWEEN LINES AND AS LEGIBLY AS POSSIBLE*

_____
_____
_____
_____
_____
_____
_____
_____

*DA FORM 2668, JAN 2004*                                    APD V1.01

# EXHIBIT D

DETAINEE
CAMP DELTA
Washington, DC 20353
USA

EXHIBIT D

## NOTIFICATION

1.     You have been notified previously that you may challenge your detention in a United States court by asking a civilian judge to look at the lawfulness of your detention through a process called a *petition for writ of habeas corpus*.  You were told that such a petition could be filed for you, or you could ask a family member, friend, or lawyer to file one for you.

2.     Should you desire the assistance of a lawyer in filing a petition or in helping with a petition you have already sent on your own to the court, the American Bar Association, the world's largest association of lawyers, will find an experienced, independent civilian lawyer to help you without any fee or payment.  The lawyer they find will represent your interests and will zealously assert your case before the civilian court.

3.     If you would like the assistance of such a lawyer, you can fill out the attached form and send it to the following address:

Robert D. Evans, Esquire
American Bar Association
740 15th Street, N.W.
Washington, D.C. 20005

Arrangements will then be made for the lawyer to consult with you and represent your interests in the civilian court.  The lawyer's job will be to assist you.  The lawyer will not work for the military or the government.

4.     If you are unable to write, you will receive assistance in filling out the form.  Your words will be put on the form.

EXHIBIT E

I, _____, wish to

(write name)

have a civilian lawyer represent me and assist me with a Petition for

Writ of Habeas Corpus in the civilian courts of the United States.  I

request that the American Bar Association find a lawyer who will

represent my best interests.

I am a citizen of the country of _____.

I speak the following language(s): _____

_____.

Signed: _____

(sign name)

Date: _____

# EXHIBIT E